UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELBERTH GAMBOA,

    Plaintiff,

v.                                                Case No.  8:10-cv-1473-T-24-MAP

D. SCOTT CARRUTHERS, ESQUIRE and
REGENT ASSET MANAGEMENT
SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER

      This cause comes before the Court on Plaintiff's Amended Motions for Default Judgment as to Defendants D. Scott Carruthers ("Carruthers") and Regent Asset Management Solutions, Inc. ("Regent").  (Doc. No. 23 & 24).

**I.    Background**

      On June 30, 2010, Plaintiff brought suit against Defendants under both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §559.55 ("FCCPA"), alleging that Defendants violated these statutes by sending Plaintiff deceptive and harassing letters in an attempt to collect Plaintiff's consumer debt.  Plaintiff served Defendants Carruthers and Regent on July 26 and July 27, 2010, respectively.  Defendant Carruthers' Answer to Plaintiff's Complaint was due on August 16, 2010 and Defendant Regent's Answer was due on August 17, 2010.  To date, Defendants have not filed a response to Plaintiff's Complaint.  The Clerk entered default against Defendant Carruthers on September 13, 2010 and against Defendant Regent on September 22, 2010.

**II.    Discussion**

In Plaintiff's Amended Motions for Default Judgment, Plaintiff seeks the maximum statutory damages permitted by the FDCPA and the FCCPA, court costs, attorney's fees, post-judgment interest, and any further relief that this Court deems just and proper.  (Doc. No. 23 & 24).  Pursuant to 15 U.S.C. §1692k(a),

> [A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damages sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a).  According to section 559.77(2) of the Florida Statutes,

> [A]ny person who fails to comply with any provision of [the FCCPA] is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

Fla. Stat. §559.77(2).

Upon consideration of Plaintiff's allegations of Defendants' violations of the FDCPA and the FCCPA, the Court finds that awarding Plaintiff the maximum statutory damages per Defendant is appropriate and that the nature of Defendants' violations warrants the maximum award.  Accordingly, Plaintiff is awarded the maximum damages of $1,000 per defendant under each statute for a total of $2,000 per defendant.  15 U.S.C. §1692n; Fla. Stat. §559.552.  Additionally, Plaintiff is entitled to post-judgment interest, court costs and reasonable attorney's fees as determined by the Court.

**III.    Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Amended Motion for Default Judgment as to Defendant Carruthers is GRANTED and Plaintiff is awarded $2,000 in damages from Defendant Carruthers;

2. Plaintiff's Amended Motion for Default Judgment as to Defendant Regent is GRANTED and Plaintiff is awarded $2,000 in damages from Defendant Regent; and

3. The Clerk is directed to enter judgment in favor of Plaintiff and close the case. The Court reserves jurisdiction to determine the award of attorney's fees to Plaintiff.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of November, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record